This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant William H. Cherry has appealed the denial of his motion to suppress evidence entered by the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} In April 2002, Appellant was indicted on one count of possession of cocaine and one count of possession of marijuana, both in violation of R.C. 2925.11(A). The charge of possession of cocaine was later amended to possession of crack cocaine. Appellant entered a plea of not guilty to both charges, and filed a motion to suppress evidence. After a hearing on the matter, the trial court denied Appellant's motion. Appellant thereafter entered a plea of no contest to the charge of possession of crack cocaine, and the charge of possession of marijuana was dismissed. The trial court found Appellant guilty and sentenced him to a term of four years imprisonment and a fine of $10,000. Appellant has timely appealed, asserting one assignment of error.
 II. Assignment of Error
"THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS."
 {¶ 3} In his sole assignment of error, Appellant has argued that the trial court erred in denying his motion to suppress evidence. Appellant has contended that the search during which the drugs were discovered exceeded the permissible scope of a search incident to a lawful arrest.
 {¶ 4} An appellate court's review of a ruling on a motion to suppress evidence presents a mixed question of law and fact. State v.Long (1998), 127 Ohio App.3d 328, 332. "`In a hearing on a motion to suppress evidence, the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses.'" State v. Hopfer (1996), 112 Ohio App.3d 521,548, appeal not allowed (1996), 77 Ohio St.3d 1488, quoting State v.Venham (1994), 96 Ohio App.3d 649, 653. Accordingly, "[a]n appellate court must review the trial court's findings of historical fact only for clear error, giving due weight to inferences drawn from those facts by the trial court. The trial court's legal conclusions, however, are afforded no deference, but are reviewed de novo." State v. Russell
(1998), 127 Ohio App.3d 414, 416, citing Ornelas v. United States
(1996), 517 U.S. 690, 698-699, 116 S.Ct. 1657, 134 L.Ed.2d 911.
 {¶ 5} As the trial court did not make any factual findings in connection with its denial of Appellant's motion, we have independently examined the record in order to review the suppression issues before us.See State v. Waddy (1992), 63 Ohio St.3d 424, 443. The sole witness at the hearing on the motion was Officer Robert Zarembka of the Akron Police Department. Officer Zarembka testified that he and his partner were dispatched to an Akron residence in order to execute a warrant for the arrest of Appellant on a domestic violence charge. The officer stated that Appellant let the officers inside the home, where they confirmed that he was the individual identified in the warrant.
 {¶ 6} Officer Zarembka testified that he intended to take Appellant into custody based on the arrest warrant, and the officers therefore conducted a search of his person. The officer testified that during this search, he pulled out what appeared to be a bag of crack cocaine from Appellant's left front pants pocket. Officer Zarembka testified that he then asked Appellant if he wanted to wear a jacket to the police station, as it was cold outside. According to the officer, Appellant indicated that he wanted a jacket that was on a nearby chair, and so the officer handed the jacket to Appellant:
 "There was a chair next to the couch he was sitting on, the jacket was laying on the back of the chair, and I took that and I handed it to him and he put it on.
 "After my partner handcuffed him, I searched the jacket and I pulled a bag out of the jacket[.]"
 {¶ 7} Officer Zarembka testified that he then asked Appellant what was in the bag, and Appellant responded that it was "candy for his kids" and requested that the officer place it in the kitchen cupboard. The officer stated that he then looked inside the bag and determined that its contents did not look like candy. Subsequent tests identified the substance as crack cocaine.
 {¶ 8} On cross-examination, Appellant presented Officer Zarembka with a report of investigation pertinent to Appellant's arrest prepared by Officer Zarembka's partner. Appellant asked Officer Zarembka if he was aware that the chronology of the searches as described in the report was reversed, to which the officer responded: "It may have been." On redirect examination, the officer read directly from the report:
 "Officer Zarembka had confirmed the warrant and the suspect was placed under arrest at that time. Suspect was asked if he wanted to take a jacket with him. Suspect stated he would like to take his black overcoat with him. Officers searched the black overcoat before it was given to the suspect. Officer Zarembka found a brown paper bag in the left front pocket of his overcoat. Officer Zarembka asked suspect what was inside the brown paper bag. Suspect replied it was candy for his kids. Officer Zarembka looked in the brown paper bag to find one large baggie of what appeared to be crack cocaine and one small baggie of marijuana. The suspect was asked immediately what it was again — the suspect was asked what it was again and he said it was crack cocaine. The suspect was immediately cuffed and searched.
 "The suspect was also found to have in his left front pants pocket one small baggie with four rocks of what appeared to be crack cocaine."
 {¶ 9} The trial court denied Appellant's motion on the ground that the contraband recovered from Appellant's clothing was discovered during a search incident to a lawful arrest. Appellant has contended that the coat was outside of his control, and the officer's searches of the coat and of the bag extracted from his coat exceeded the permissible bounds of a search incident to arrest. According to Appellant, the officer's searches of the coat pocket and the contents of the bag amounted to unreasonable, warrantless intrusions into "closed or concealed areas of the room" prohibited by the Fourth Amendment.
 {¶ 10} The Fourth Amendment to the United States Constitution provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated[.]" Section 14, Article I of the Ohio Constitution contains language nearly identical to that of the Fourth Amendment, "and its protections are coextensive with its federal counterpart." State v.Kinney (1998), 83 Ohio St.3d 85, 87, certiorari denied (1999),526 U.S. 1007, 119 S.Ct. 1148, 143 L.Ed.2d 214. The exclusion of evidence obtained in violation of these provisions is an essential part of the constitutional guarantees against unlawful searches and seizures. SeeState v. Jones (2000), 88 Ohio St.3d 430, 434; Mapp v. Ohio (1961),367 U.S. 643, 655-656, 81 S.Ct. 1684, 6 L.Ed.2d 1081.
 {¶ 11} However, "a full search of the person incident to a lawful custodial arrest is not only an exception to the warrant requirement of the Fourth Amendment but is also a `reasonable' search under that amendment." State v. Mathews (1976), 46 Ohio St.2d 72, 74, citing UnitedStates v. Robinson (1973), 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427. "Pursuant to their authority to conduct a search incident to arrest, police are authorized to conduct a full search of the arrestee's person and the area within his immediate control[.]" State v. Myers (1997),119 Ohio App.3d 376, 380, citing Chimel v. California (1969), 395 U.S. 752,89 S.Ct. 2034, 23 L.Ed.2d 685. "The purpose of the search incident to arrest exception as it has developed is two-fold: to deny an arrestee access to any weapons, thereby protecting the arresting police officers, and to deny an arrestee access to any evidence which he might conceal or destroy." Id.
 {¶ 12} We agree with the trial court that the searches of Appellant's coat and of the bag recovered therefrom were valid searches incident to his lawful arrest. Although the evidence adduced at the hearing was ambiguous as to whether Appellant was handcuffed before or after he put on the coat, the coat as well as the bag and its contents were within his immediate control under either circumstance. The coat that Appellant was wearing to the police station was not rendered beyond his immediate control by the mere fact that he was handcuffed; even handcuffed, Appellant could reach into the coat pocket for a weapon or easily portable evidence. Moreover, the arresting officers were entitled under the search incident to arrest exception to search the contents of the bag once it was removed from Appellant's pocket. See Mathews,46 Ohio St.2d at 75 (holding that the search of a purse clutched under an arrestee's arm was lawful as a search incident to the arrest); Gustafsonv. Florida (1973), 414 U.S. 260, 266, 94 S.Ct. 488, 38 L.Ed.2d 456
("Having in the course of his lawful search [incident to arrest] come upon the box of cigarettes, [the arresting officer] was entitled to inspect it; and when his inspection revealed the homemade cigarettes which he believed to contain an unlawful substance, he was entitled to seize them[.]").
 {¶ 13} Likewise, the fact that the officer may have searched the coat in anticipation of giving it to Appellant rather than waiting until the coat was physically on Appellant's person does not diminish the permissible scope of the search. See, e.g., State v. Herren (July 29, 1994), 6th Dist. No. H-93-54, 1994 Ohio App. LEXIS 3308, at *6-8 (holding that an officer's search of a closed container in a suspect's purse was within the scope of a lawful search incident to arrest, where the suspect asked the officer to give her the purse before transporting her in the police cruiser). Officer Zarembka was justified in searching the pockets of Appellant's coat before giving him the coat to wear to the police station, and in examining the contents of the brown paper bag once he removed it from the coat pocket.
 {¶ 14} As the evidence Appellant moved to suppress was obtained during a search incident to his lawful arrest, the trial court did not err in denying Appellant's motion. Appellant's assignment of error is without merit.
 III {¶ 15} Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
SLABY, P.J. and CARR, J. CONCUR.